ACCEPTED
03-15-00252-CV
7789969
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 7:21:04 AM
JEFFREY D. KYLE
CLERK

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/12/2015 7:21:04 AM
JEFFREY D. KYLE
Clerk

| | |
|---|---|
| DR. BEHZAD NAZARI, D.D.S. D/B/A ANTOINE DENTAL CENTER ET. AL., *Defendants-Appellants*, <br><br> *v.* <br><br> STATE OF TEXAS, *Plaintiff-Appellee*, <br><br> *v.* <br><br> XEROX CORPORATION AND XEROX STATE HEALTHCARE, LLC, F/K/A ACS STATE HEALTHCARE, LLC, *Third-Party Defendants-Appellees*. | Cause No. 03-15-00252-CV |
| IN RE XEROX CORPORATION AND XEROX STATE HEALTHCARE, LLC F/K/A ACS STATE HEALTHCARE, LLC, *Relators*. | Cause No. 03-15-00401-CV |

**Joint Motion to Modify Order Regarding Oral Argument**

This joint motion requests modification of the Court's October 28, 2015 order to clarify time for oral argument. The parties have agreed on an allocation that embraces both causes.

**The *Nazari* appeal**

Cause No. 03-15-00252-CV (the *Nazari* appeal) is an appeal in a civil case. In the underlying action (district court case no. D-1-GN-14-005380), plaintiff the State of Texas sues defendants Dr. Behzad Nazari et al. ("the

- 1 -

dentist defendants") alleging certain violations of the Texas Medicaid Fraud Prevention Act. The dentist defendants filed (1) counterclaims against the State and (2) third-party claims against Xerox (a former state contractor).

The district court granted the State's plea to the jurisdiction asserting sovereign immunity to the counterclaims against the State. The district court also granted the State's motion to dismiss the dentist defendants' third-party claims against Xerox, wherein the State asserted that the Texas Medicaid Fraud Prevention Act does not authorize a defendant to bring third party claims and that, in any event, the claims against Xerox are barred by sovereign immunity.[1]

On May 1, 2015, the dentist defendants appealed. The State of Texas and Xerox are appellees. On appeal, the dentist defendants raise two arguments: (1) that the trial court erred in dismissing their counterclaims against the State because the State has waived sovereign immunity by bringing an affirmative claim for relief, the counterclaims are compulsory, and counterclaims are permissible in this type of suit; and (2) that the district court erred in dismissing their third-party claims against Xerox because third-party claim are likewise permissible.

Xerox's appellate brief argues that (1) the Texas Rules of Civil Procedure and Chapter 33 of the Texas Civil Practice & Remedies Code apply to the State's claim, and (2) that any holding that the State has waived sovereign

---

[1] The State adopted by reference the arguments it raised in briefing to the trial court in its separate suit against Xerox, which resulted in an order that is the subject of Xerox's mandamus proceeding.

immunity by bringing an affirmative claim for relief should be limited to the State, because Xerox has not brought any claims in this suit.

The State (1) argues that sovereign immunity bars the counterclaims, and (2) argues that this Court lacks jurisdiction over the interlocutory appeal from the order dismissing the dentist defendants' third-party claims against Xerox and, in any event, those claims were properly stricken.

**The *In re Xerox Corporation* mandamus petition**

Cause No. 03-15-00401-CV (*In re Xerox Corporation*) is a mandamus proceeding. The petition seeks mandamus review of two orders issued by the district court in a separate civil case (district court case no. D-1-GV-14-000581). In that underlying action, plaintiff the State of Texas sues its former contractor Xerox alleging certain violations of the Texas Medicaid Prevention Act. Xerox filed third-party claims against the dentists and dental practices who are defendants in the *State v. Nazari* action. Xerox also moved for leave to designate responsible third parties under chapter 33 of the Civil Practice and Remedies Code. The district court struck the third-party claims and denied the chapter 33 motion.

On July 1, 2015, Xerox filed an original mandamus proceeding in this Court seeking review of those orders. In that proceeding, Xerox is the relator and the State is the real party in interest. Xerox argues that the district court erred because Chapter 33 applies to the State's claim under the Texas Medicaid Fraud Prevention Act and that it lacks an adequate remedy by appeal. The State disagrees.

**The Court's Order Regarding Oral Argument**

Xerox filed in the *Nazari* appeal an unopposed motion to consolidate the above-described causes for purposes of oral argument only. The motion stated the State's position "that the *In re Xerox Corporation* petition should be denied without oral argument," while also expressing Xerox's and the Nazari parties' position that "hearing argument on both matters would make sense, given the overlap on the underlying legal issues." Oct. 13, 2015 Mot. ¶ 2. The motion requested that, if oral argument is held in the mandamus proceeding, the Court "set both causes for submission for oral argument on the same day." *Id.* ¶ 4.

On October 28, 2015, this Court granted Xerox's motion. Referencing both appellate causes described above, the order states:

> Appellees Xerox Corporation and Xerox State Healthcare, LLC's Unopposed Motion to Consolidated Causes for Submission on Oral Argument was granted by this Court on the date noted above. Accordingly, you are hereby notified that the above causes have been consolidated for purposes of oral argument and have this day been set for submission and oral argument on December 16, 2015 at 1:30 PM, before Justices Puryear, Goodwin, and Bourland. Argument is limited to 20 minutes for appellants and for appellees.

Oct. 28, 2015 Order at 2 (underlining and bolding removed).

**Request for Modification and Proposed Allocation of Time**

Xerox and the Nazari parties agree that this order grants oral argument in both causes. The Court's order states that "the above causes have been consolidated for purposes of oral argument and have this day been set for submission and oral argument." The State agrees that the Court's docket reflects that

- 4 -

ruling, although the State perceives ambiguity and would welcome clarification given that the Court's order purports only to grant an unopposed motion that did not express the State's agreement to setting the mandamus petition for oral argument and given that the order does not mention a "relator" or "real party in interest" in assigning argument time.

Assuming the Court has set both causes for oral argument, the parties concur in requesting clarification of the Court's intended allocation of time. The parties have conferred about an order of argument and time allocation for this scenario and jointly propose the following ordering and time allocation:

**No. 03-15-00401-CV,** *In re Xerox Corporation:*

| | |
|---|---|
| Xerox: | 15 minutes |
| State of Texas: | 20 minutes |
| Xerox rebuttal: | 5 minutes |

**No. 03-15-00252-CV,** *State v. Nazari***:**

| | |
|---|---|
| Nazari: | 12 minutes |
| Xerox: | 6 minutes |
| State of Texas: | 17 minutes |
| Nazari rebuttal: | 5 minutes |

This allocation of time ensures that the Court will have full argument time for both proceedings, assuming both are set for argument.

### Xerox and Nazari parties' statement of justification

If the Court's order allocated only 40 minutes for both proceedings, the Court should grant the standard amount of oral argument time for each cause. This request is justified by the following reasons.

*First*, Xerox's original proceeding involves an issue common to both cases and thus will assist the Court with understanding the entire landscape of

this complex litigation. Specifically, the proceeding raises the issue of whether the State's claim (its sole claim in both proceedings) is a tort claim subject to Chapter 33.

In the State's suit against Xerox, this claim has stakes of more than $1 billion. In the State's suit against the Nazari Appellants, this claim has stakes of more than $400 million. Given the significance of this issue for both cases, and given the unusually high stakes in each lawsuit, Xerox and the Nazari parties respectfully submit that the standard amount of oral argument time is necessary to fully explore the issue. Further, it makes sense to hear this argument first, as it will lay the groundwork common to both proceedings.

*Second*, the *Nazari* interlocutory appeal involves multiple complex issues. The threshold issue for the Court is whether the State has waived sovereign immunity by bringing a claim for affirmative relief against the Nazari parties. That issue alone is worthy of the full amount of argument time. The appeal also involves questions of whether third-party claims can be brought in a suit where the State has asserted a claim under the Texas Medicaid Fraud Prevention Act.

*Third*, these two cases demonstrate the tripartite relationship of the parties. Holding both arguments within the time constraints for one oral argument would very likely deprive the Court of full answers from each of the three perspectives. Xerox and the Nazari parties agree that it would best assist the Court in understanding the issues if the oral arguments are held consecutively and each given the standard amount of time.

**State of Texas's statement of justification**

The State of Texas does not agree with all aspects of Xerox and the Nazari parties' argument and characterizations in their statement of justification above, and the State does not join in that statement. *See supra* pp. 5-6. The State also finds it unclear, for the reasons noted above, whether the Court's order actually reflects a decision to set both causes for argument. Nonetheless, if the Court has or does now determine that oral argument would be appropriate on the mandamus petition, the State agrees that the above-described allocation of time best allows the parties to present their arguments and will eliminate confusion arising from the October 28 order, regarding questions such as the amount of time assigned to Xerox as an appellee in one cause and as the relator in the other cause.

**Conclusion**

For the reasons explained above, the parties jointly request modification of the Court's October 28, 2015 order regarding oral argument.

Respectfully submitted.

**Counsel for the State of Texas:**

CHARLES E. ROY
First Assistant Attorney General

/s/ Raymond C. Winter
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud
State Bar No. 2179195

REYNOLDS B. BRISSENDEN
Assistant Attorney General
State Bar No. 24056969

SCOTT A. KELLER
Solicitor General

/s/ J. Campbell Barker
J. CAMPBELL BARKER
Deputy Solicitor General
State Bar No. 24049125
cam.barker@texasattorneygeneral.gov

PHILIP A. LIONBERGER
Assistant Solicitor General
State Bar No. 12394380

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

**Counsel for Xerox:**

ERIC J.R. NICHOLS
State Bar No. 14994900
enichols@beckredden.com
GRETCHEN SWEEN
State Bar No. 20041996
gsween@beckredden.com
CHRISTOPHER R. COWAN
State Bar. No. 24084975
ccowan@beckredden.com
BECK REDDEN LLP
515 Congress Ave., Ste. 1900
Austin, Texas 78701
(512) 708-1000
(512) 708-1002 (Fax)

/s/ Constance H. Pfeiffer
CONSTANCE H. PFEIFFER
State Bar. No. 24046627
cpfeiffer@beckredden.com
BECK REDDEN LLP
1221 McKinney St., Ste. 4500
Houston, Texas 77010
(713) 951-3700
(713) 951-3720 (Fax)

ROBERT C. WALTERS
State Bar No. 20820300
rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Ave., Ste. 1100
Dallas, Texas 75201
(214) 698-3100
(214) 571-2900 (Fax)

C. ANDREW WEBER
State Bar No. 00797641
andrew.weber@kellyhart.com
KELLY HART & HALLMAN LLP
301 Congress, Ste. 2000
Austin, Texas 78701
(512) 495-6451
(512) 495-6930 (Fax)

**Counsel for Dr. Behzad Nazari, D.D.S., et al:**

E. HART GREEN
State Bar. No. 08349290
hartgr@wgttlaw.com
WELLER, GREEN, TOUPS &
TERRELL, L.L.P.
P.O. Box 350
Beaumont, Texas 77704-0350
Tel.: (409) 838-0101
Fax: (409) 832-8577

/s/ Jason Ray
JASON RAY
State Bar. No. 24000511
jray@r-alaw.com
RIGGS & RAY, PC
506 W. 14th Street, Suite A
Austin, TX 78701
Tel.: (512) 457-9812
Fax: (512) 457-9066

## Certificate of Conference

The parties jointly request modification of the October 28, 2015 order.

/s/ J. Campbell Barker
J. CAMPBELL BARKER

## Certificate of Service

I certify the service of this document on November 11, 2015 by electronic case filing or e-mail upon the following:

**Counsel for Xerox:**

Eric J.R. Nichols
Gretchen Sween
Christopher R. Cowan
Beck Redden LLP
515 Congress Ave., Ste. 1900
Austin, Texas 78701

Constance H. Pfeiffer
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, Texas 77010

Robert C. Walters
Gibson, Dunn & Crutcher LLP
2100 McKinney Ave., Ste. 1100
Dallas, Texas 75201

C. Andrew Weber
Kelly Hart & Hallman LLP
301 Congress, Ste. 2000
Austin, Texas 78701

**Counsel for Dr. Behzad Nazari, D.D.S., et al:**

E. Hart Green
State Bar. No. 08349290
hartgr@wgttlaw.com
Weller, Green, Toups & Terrell, L.L.P.
P.O. Box 350
Beaumont, Texas 77704-0350

Jason Ray
Riggs & Ray, PC
506 W. 14th Street, Suite A
Austin, TX 78701

/s/ J. Campbell Barker
J. CAMPBELL BARKER